Francis A. Montbach (FAM9631)
Mound Cotton Wollan & Greengrass
Attorney for Defendant
American Airlines, Inc.
One Battery Park Plaza
New York, NY  10004
Tel: (212) 804-4200
Fax (212) 344-8066
e-mail: fmontbach@moundcotton.com

-----------------------------------------------------------------X
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ST. PAUL FIRE & MARINE INSURANCE CO.
as subrogor of KANAN FASHIONS, INC.                :       Index No.: 07 cv 10593 (GBD)
                                                   :
               Plaintiff,                          :       **ANSWER**
                                                   :
     - against-                                    :
                                                   :
AMERICAN AIRLINES, INC.; EXPEDITORS               
INTERNATIONAL OF WASHINGTON, INC.;                 :
TOWNE AIR FREIGHT, INC.; and CENTRAL
STATES TRUCKING COMPANY,                           :
                                                   :
               Defendants.
-----------------------------------------------------------------X

       Defendant, American Airlines, Inc., by its attorneys, Mound Cotton Wollan & Greengrass, as and for its Answer to the Complaint herein, alleges:

       FIRST:   Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Complaint designated "2", "3", "6" and "9".

       SECOND:   Denies each and every allegation contained in that paragraph of the Complaint designated "4" except that it admits that it is a corporation organized pursuant to the laws of the State of Delaware, with its principal place of business in Texas; that it does business in the State of New York; and that it is a duly certified direct air carrier engaged in the

transportation of persons and property in interstate and international commerce pursuant to authority granted by the Department of Transportation of the United States.

THIRD: Denies each and every allegation contained in that paragraph of the Complaint designated "5" except that it admits that on or about November 23, 2005 it received a shipment of 494 pieces, described as a "consolidation", from SriLankan Airlines, Limited, the contents and condition of which were unknown to American Airlines, Inc. for onward carriage to Chicago, Illinois, pursuant to SriLankan Airlines Limited air waybill 603-2906-1292, for delivery there to the named consignee, Met Logistics.

FOURTH: Denies each and every allegation contained in that paragraph of the Complaint designated "11" except that it received demands for payment which it has not honored or paid.

FIFTH: Denies each and every allegation contained in those paragraphs of the Complaint designated "7", "8" and "10".

      AS AND FOR A FIRST COMPLETE
      AFFIRMATIVE DEFENSE

SIXTH: Any damages allegedly suffered by the plaintiff herein resulted from the acts and/or omissions of certain third parties for whose conduct this defendant is not responsible.

      AS AND FOR A SECOND COMPLETE
      AFFIRMATIVE DEFENSE

SEVENTH: The contract of carriage embarked upon by the plaintiff herein was an international transportation and as such was governed, controlled and made subject to the terms and provisions of this defendant's contract of carriage, tariffs and/or the Warsaw Convention, as amended.

EIGHTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Warsaw Convention, as amended, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the negligence of this defendant.

NINTH: Upon information and belief, this defendant is not guilty of any negligence and has taken all necessary measures to avoid any loss, damage or delay under the contract of carriage.

## AS AND FOR A THIRD COMPLETE AFFIRMATIVE DEFENSE

TENTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Warsaw Convention, as amended, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay is shown to have been caused by or contributed to by the negligence or fault of the plaintiff, its agents, servants and/or employees.

ELEVENTH: Upon information and belief, any loss, damage or delay was caused by or contributed to by the plaintiff, its agents, servants and/or employees.

## AS AND FOR A FOURTH COMPLETE AFFIRMATIVE DEFENSE

TWELFTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Warsaw Convention, as amended, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless a written notice of claim concerning such loss, damage or delay is filed with this defendant within the applicable time limit.

THIRTEENTH: Upon information and belief, the proper written notice of claim concerning such loss, damage or delay was not filed with this defendant within the applicable time limit.

### AS AND FOR A FIFTH COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Warsaw Convention, as amended, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay in that it performed each and every obligation and duty required of it under the contract of carriage and delivered the shipment to the proper party in the same order and condition as received.

### AS AND FOR A SIXTH COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Warsaw Convention, as amended, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any consequential and/or special damages arising out of or in any way connected with the loss, damage or delay under the contract of carriage.

SIXTEENTH: Upon information and belief, the damages allegedly suffered by the plaintiff herein are of a consequential and/or special nature.

### AS AND FOR A SEVENTH COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Warsaw Convention, as amended, this defendant has no

liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

EIGHTEENTH:    Upon information and belief, any loss, damage or delay allegedly suffered by the plaintiff herein was caused by or contributed to by the improper packing and/or the inherent nature of the merchandise which was the subject of the transportation involved.

AS AND FOR AN EIGHTH COMPLETE
AFFIRMATIVE DEFENSE

NINETEENTH:    That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Warsaw Convention, as amended, the plaintiff herein has no standing to maintain this action against this defendant.

AS AND FOR A NINTH PARTIAL
AFFIRMATIVE DEFENSE

TWENTIETH:    That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Warsaw Convention, as amended, the liability, if any, of this defendant for any loss, damage or delay is limited.

AS AND FOR A TENTH COMPLETE
AFFIRMATIVE DEFENSE

TWENTY-FIRST:    The Complaint herein should be dismissed on the grounds of improper venue, in that the transactions giving rise to this action lack any connection with this district and no witnesses are located within the district.

WHEREFORE, defendant, American Airlines, Inc., demands judgment against the plaintiff dismissing this action, together with costs and disbursements.

Dated:  New York, New York
       January  24, 2008.

                          MOUND, COTTON & WOLLAN & GREENGRASS
                          Attorneys for Defendant
                          American Airlines, Inc.

                          By _____
                              Francis A. Montbach (FAM9631)
                          Office and P. O. Address
                          One Battery Park Plaza
                          New York, New York   10004
                          (212) 804-4200
                          fmontbach@moundcotton.com

TO:    BADIAK & WILL
        Attorneys for Plaintiff
        106 Third Avenue
        Mineola, NY   11501-4404

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK       )
                        ): ss.:
COUNTY OF NEW YORK      )

MARIAN KELLY, being duly sworn, deposes and says:

Deponent is not a party to this action, is over the age of 18 years, and resides in Maywood, New Jersey.

That on January 24, 2008, deponent served the within **ANSWER** on:

Badiak & Will, LLP
Attorneys for Plaintiff
106 Third Street
Mineola, NY 11501-4404

the address designated by said attorney for that purpose by depositing the same, enclosed in a postpaid properly addressed wrapper, directed to said attorney at the above address in an official depository; under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Marian Kelly

Sworn to before me this
24th day of January, 2008

_____
Notary Public

RODANTHI KUCHARSKI
Notary Public State of New York
No. 24-4711680
Qualified in Kings County
Commission Expires October 31, 2010