JAMES P. KRAUZLIS, ESQ.
BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our Ref. : 07-F-011-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
ST. PAUL FIRE AND MARINE INSURANCE COMPANY a/s/o Kanan Fashions, Inc.,

                      Plaintiff,

    - against -

AMERICAN AIRLINES, INC.,

                      Defendant.
------------------------------------------------------------x

ECF CASE

07 Civ. 10593 (GBD)

**ST. PAUL'S RULE 56.1 STATEMENT OF CONTESTED FACTS**

Pursuant to Local Rule 56.1(b), Plaintiff, St. Paul Fire & Marine Insurance Company ("St. Paul") as subrogee of Kanan Fashions, Inc., ("Kanan"), respectfully submits this Statement of Contested Facts:.

## STATEMENT OF CONTESTED FACTS

2. Expolanka Freight Limited ("Expolanka"), acting as an international air freight forwarder, arranged for air carriage of the subject shipment for Kanan Fashions from the airport of origin, Colombo, Sri Lanka, to Chicago, O'Hare International Airport, by booking the shipment with the international air carrier Sri Lankan Airlines for carriage from Colombo, Sri Lanka, to London's Heathrow Airport and, thereafter, carriage by American from Heathrow to Chicago, all

of which was pursuant to an air waybill issued on behalf of Sri Lankan Airlines Limited numbered 603-2906-1292, dated November 18, 2005 ("master air waybill"). (See, Krauzlis Affirmation, paragraphs 6, Exhibit 2).

7. On November 19, 2005, Expolanka issued its house air waybill numbered EFL 000098220, dated November 19, 2005 ("house air waybill"), covering the aforementioned air carriage arrangement. (See, Krauzlis Affirmation, paragraph 8, Exhibit 3).

9. St. Paul Fire & Marine Insurance Company ("St. Paul") made payment to its insured, Kanan Fashions, Inc. ("Kanan") in the amount of $33,303.91 in connection with the subject shipment, representing the total amount claimed under the cargo policy issued by St. Paul to Kanan in the amount $43,303.91, less a deductible of $10,000.00. (See, Krauzlis Affirmation, paragraph 16).

10. In exchange for the payment, Kanan executed a Subrogation Receipt on behalf of St. Paul, assigning to St. Paul all the rights, claims and interest which Kanan has against any person or corporation in respect to the loss, damage or expense suffered by Kanan. (See, Krauzlis Affirmation, paragraph 16, Exhibit 9).

11. Pursuant to the agreement and practice between St. Paul and Kanan, St. Paul filed a complaint against American Airlines in connection with the damages sustained to the subject shipment and pursuant to said subrogation rights St. Paul claimed the full extent of the claim suffered by Kanan, including both the amount paid to Kanan in the amount of $33,303.91 and Kanan's deductible in the amount of $10,000.00, for a total amount claimed of $43,303.91. (See, Krauzlis Affirmation, paragraph 17).

13. On or before November 16, 2005, Kanan purchased 5,928 pieces of Mens' Fleece Jackets from Gartex Industries Lanka (Pvt), Ltd. ("Gartex"), in Biyagama, Sri Lanka. Under the terms of the purchase agreement, Kanan was the consignee and purchaser of the goods, with Met Logistics, Kanan's receiving agent and customs broker, designated as the Notify Party. The terms of sale were FOB Ex Factory, which meant Kanan took delivery of the goods from the Gartex factory in Sri Lanka and arranged for carriage of the cargo from Sri Lanka to Chicago. (See, Krauzlis Affirmation, paragraph 4, Exhibit 1).

14. Kanan retained the services of Expolanka Freight Limited, an international air & sea freight forwarder located in Colombo, Sri Lanka, to make the necessary arrangements in taking delivery of the shipment from the Gartex factory, and to also arrange for the carriage of the subject shipment from Colombo, Sri Lanka, to Chicago, Illinois. (See, Krauzlis Affirmation, paragraph 5).

15. Kanan hired Met Logistics to act as Kanan's receiving agent and customs broker for purposes of clearing the subject shipment upon its arrival in Chicago and for taking delivery of the goods from American Airlines and carrying same to Creative Warehouse, pursuant to the instructions and directions of Kanan to Met Logistics. (See, Krauzlis Affirmation, paragraph 10).

16. In booking the air carriage of the subject shipment for Kanan, Expolanka designated Met Logistics as the consignee pursuant to the instructions of Kanan as Met Logistics was hired by Kanan to act as its receiving agent and customs clearing agent to receive and clear the shipment through customs upon arrival in Chicago's O'Hare International Airport. (See, Krauzlis Affirmation, paragraph 11).

17. Expolanka Freight Limited ("Expolanka") issued an invoice to Kanan for the services rendered by Expolanka in booking and arranging the international air carriage of the subject shipment from Colombo to Chicago, which was paid by Kanan. (See, Krauzlis Affirmation, paragraph 9, Exhibit 4).

18. Met Logistics issued a Delivery Order to permit the trucker hired by Met Logistics, Screaming Eagle, to take delivery of the shipment from American Airlines at O'Hare International Airport in Chicago and to deliver the shipment at Creative Warehouse in Aurora, IL, c/o Kanan. (See, Krauzlis Affirmation, paragraph 11, Exhibit 5).

19. Pursuant to it's agency relationship, Met Logistics received the subject shipment on behalf of Kanan from American Airlines at the American Airlines Cargo facility at Chicago's O'Hares International Airport. (See, Krauzlis Affirmation, paragraph 12).

20. At the time of receipt of the subject shipment from American in Chicago by Met Logistics, as receiving agent for Kanan, Met Logistics reported to its principal, Kanan, that the trucker hired to receive and deliver the shipment was received from American advised that the shipment was received from American wet and possibly with damaged cartons. This advice was sent by Met Logistics to Kanan by an email dated December 2, 2005. (See, Krauzlis Affirmation, paragraph 13, Exhibit 6).

21. Pursuant to it's duties as the customs broker for Kanan, Met Logistics prepared and filed an Entry Summary covering the cargo, dated December 13, 2005, in which it notes the importer of record was Kanan. (See, Krauzlis Affirmation, paragraph 14, Exhibit 7).

22. Met Logistics charged Kanan for it's services as receiving agent and customs agent, including a fee for taking delivery of the subject shipment from American on Kanan's behalf and delivery same to Creative Warehouse pursuant to the instructions and directions of Kanan to Met Logistics and issued an invoice dated December 15, 2005 covering the charges for it's services. (See, Krauzlis Affirmation, paragraph 15, Exhibit 8).

Dated: Mineola, New York
      June 27, 2008

    Respectfully submitted,

    _____
    James P. Krauzlis (JK-4972)
    BADIAK & WILL, LLP
    Attorneys for Plaintiff, St. Paul Fire & Marine Insurance Company
    106 3rd Street
    Mineola, New York 11501
    (516) 877-2225

Index No.: 07 CV 10593 (GBD)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    )SS.:
COUNTY OF NASSAU    )

**I, Luz M. Webb,** being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside c/o Badiak & Will, LLP, 106 3rd Street, Mineola, New York 11501-4404. On June 27, 2008 I served the within ST. PAUL'S RULE 56.1 STATEMENT OF CONTESTED FACTS on:

Attn: Francis A. Montbach
MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, New York 10004

by depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York State.

_____
LUZ M. WEBB

Sworn to before me this
___ day of June, 2008

_____
NOTARY PUBLIC

JAMES P. KRAUZLIS
Notary Public, State of New York
No. 02KR5051531
Qualified in Suffolk County
Commission Expires Nov. 6, ____
1/11/2010