UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o of KANAN FASHIONS, INC.                    Index No.: 07 cv 10593 (GBD)

     Plaintiff,

 - against-

AMERICAN AIRLINES, INC.,

     Defendant.
------------------------------------------------------------X

### AMERICAN AIRLINES INC.'S RESPONSES TO PLAINTIFF'S STATEMENT OF CONTESTED FACTS

 Defendant, American Airlines, Inc. ("American"), as and for its response to the Statement of Contested Facts of Plaintiff St. Paul Fire & Marine Insurance Co. a/s/o Kanan Fashions, Inc., responds as follows:

 2. Denied, except admits that Sri Lankan Airlines issued air waybill number 603-2906-1292, dated November 18, 2005, in connection with the carriage of the subject shipment from Colombo, Sri Lanka to London's Heathrow Airport by Sri Lankan Airlines and, thereafter, from London to Chicago, Illinois by American. See Affirmation of Jodi S. Tesser, dated June 3, 2008, submitted in support of American's motion for summary judgment ("Tesser Aff."), Exs. 1 & 2.

 7. Denied, except admits that Expolanka Freight Limited issued house air waybill number EFL 000098220, dated November 19, 2005, in connection with the shipment at issue. See Tesser Aff., Exs. 1 & 2.

 9. Admitted.

 10. Admitted.

11. American objects to this contested statement on the ground that it is improper under Local Rule 56.1(a), which requires that each individual statement of fact be supported by the record. Plaintiff's statement consists, in its entirety, of factual assertions propounded by counsel without any evidentiary support in admissible form, and is therefore, improper. See Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2001) (explaining that "[i]nterpreting the predecessor to the current Local Rule 56.1 we held that '[a] Rule 9(g) statement by counsel on a motion for summary judgment cannot be a substitute for an affidavit as to the facts'" and that "[l]ikewise, district courts in the Southern and Eastern Districts of New York have interpreted current Local Rule 56.1 to provide that 'where there are no[] citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion'") (internal citations omitted).

To the extent a response is required, American denies the assertions in this contested statement except admits that St. Paul filed a complaint against American as subrogee of Kanan seeking recovery in the amount of $43,303.91. See Tesser Aff., Ex. 4.

13. Denied, except admits that the invoice attached as Exhibit 1 to the Krauzlis Affirmation, dated November 16, submitted in support of plaintiff's opposition to American's motion for summary judgment, states under "DESCRIPTION OF GOODS" "MEN'S FLEECE JACKET" and "MEN'S FLEECE PANTS" and identifies "KANAN FASHION INC." as the "CONSIGNEE," and "MET LOGISTICS" under the word "NOTIFY." The invoice also states "TERM: EX-FACTORY" and "FOB X." See Krauzlis Aff., Ex. 1.

14. American objects to this contested statement on the ground that it is improper under Local Rule 56.1(a), which requires that each individual statement of fact be supported by the record. Plaintiff's statement consists, in its entirety, of factual assertions propounded by

counsel without any evidentiary support in admissible form, and is therefore, improper. See Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2001) (explaining that "[i]nterpreting the predecessor to the current Local Rule 56.1 we held that '[a] Rule 9(g) statement by counsel on a motion for summary judgment cannot be a substitute for an affidavit as to the facts'" and that "[l]ikewise, district courts in the Southern and Eastern Districts of New York have interpreted current Local Rule 56.1 to provide that 'where there are no[] citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion'") (internal citations omitted).

To the extent a response is required, American denies the assertions in this contested statement except admits that Expolanka Freight Limited issued house air waybill number EFL 000098220 listing "GARTEX INDUSTRIES LANKS (PVT) LTD" as the shipper and "KANNAN FASHIONS INC" as the consignee. See Tesser Aff., Ex. 2.

15.    American objects to this contested statement on the ground that it is improper under Local Rule 56.1(a), which requires that each individual statement of fact be supported by the record. Plaintiff's statement consists, in its entirety, of factual assertions propounded by counsel without any evidentiary support in admissible form, and is therefore, improper. See Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2001) (explaining that "[i]nterpreting the predecessor to the current Local Rule 56.1 we held that '[a] Rule 9(g) statement by counsel on a motion for summary judgment cannot be a substitute for an affidavit as to the facts'" and that "[l]ikewise, district courts in the Southern and Eastern Districts of New York have interpreted current Local Rule 56.1 to provide that 'where there are no[] citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion'") (internal citations omitted).

To the extent a response is required, American denies the assertions in this contested statement except admits that Met Logistics is designated as the consignee under Sri Lankan master air waybill number 603-2906-1292. See Tesser Aff., Ex. 1.

16. American objects to this contested statement on the ground that it is improper under Local Rule 56.1(a), which requires that each individual statement of fact be supported by the record. Plaintiff's statement consists, in its entirety, of factual assertions propounded by counsel without any evidentiary support in admissible form, and is therefore, improper. See Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2001) (explaining that "[i]nterpreting the predecessor to the current Local Rule 56.1 we held that '[a] Rule 9(g) statement by counsel on a motion for summary judgment cannot be a substitute for an affidavit as to the facts'" and that "[l]ikewise, district courts in the Southern and Eastern Districts of New York have interpreted current Local Rule 56.1 to provide that 'where there are no[] citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion'") (internal citations omitted).

To the extent a response is required, American denies the assertions in this contested statement except admits that Met Logistics is designated as the consignee on the Sri Lankan master air waybill number 603-2906-1292. See Tesser Aff., Ex. 1.

17. Denied, except admits that the document attached as Exhibit 4 to the Krauzlis Affirmation purports to indicate that Expolanka Freight Limited issued invoice number 11-1-20171 to Kanan Fashion Inc. See Krauzlis Aff., Ex. 4.

18. Denied, except admits that the document attached as Exhibit 5 to the Krauzlis Affirmation purports to indicate that Screaming Eagle was to transport the subject shipment from

American Airlines Cargo to "Creative WHSE c/o Kanan Fashions" in Aurora, Illinois. See Krauzlis Aff., Ex. 5.

19. American objects to this contested statement on the ground that it is improper under Local Rule 56.1(a), which requires that each individual statement of fact be supported by the record. Plaintiff's statement consists, in its entirety, of factual assertions propounded by counsel without any evidentiary support in admissible form, and is therefore, improper. See Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2001) (explaining that "[i]nterpreting the predecessor to the current Local Rule 56.1 we held that '[a] Rule 9(g) statement by counsel on a motion for summary judgment cannot be a substitute for an affidavit as to the facts'" and that "[l]ikewise, district courts in the Southern and Eastern Districts of New York have interpreted current Local Rule 56.1 to provide that 'where there are no[] citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion'") (internal citations omitted).

To the extent a response is required, American denies the assertions in this contested statement except admits Met Logistics is designated as the consignee on the Sri Lankan master air waybill number 603-2906-1292. See Tesser Aff., Ex. 1.

20. Denied, except admits that the documents attached as Exhibit 6 to the Krauzlis Affirmation purports to indicate that Janene Porten of Met Logistics sent an e-mail to Antoinette Romero on December 2, 2005 stating that she "received a call from [her] trucker who is at American Airlines and is noting wet and possibly damaged cartons." See Krauzlis Aff., Ex. 6.

21. Denied, except admits that the documents attached as Exhibit 7 to the Krauzlis Affirmation purports to indicate that an Entry Summary, dated December 13, 2005, lists Kanan Fashions Inc. as the importer of record. See Krauzlis Aff., Ex. 7.

22. Denied, except admits that the document attached as Exhibit 8 to the Krauzlis Affirmation purports to indicate that Met Logistics issued an invoice to Kanan Fashions Inc. See Krauzlis Aff., Ex. 8.

Dated: New York, New York
July 2, 2008

MOUND COTTON WOLLAN
& GREENGRASS

By _____
Francis A. Montbach (FAM 9631)
Jodi S. Tesser (JST 6398)
Attorneys for Defendant
American Airlines, Inc.
One Battery Park Plaza
New York, New York 10004
(212) 804-4200

UNITED STATES DISTRICT COURT)

SOUTHERN DISTRICT OF NEW YORK)

### AFFIDAVIT OF SERVICE

Lynn Cappiello, being duly sworn, deposes and says:

That deponent is not a party to this action, is over the age of 18 years and resides in Nassau County, New York.

That on July 2, 2008, deponent served the within **AMERICAN AIRLINES, INC.'S RESPONSES TO PLAINTIFF'S STATEMENT OF CONTESTED FACTS** upon:

James P. Krauzlis, Esq.
Badiak & Will, LLP
106 3rd Street
Mineola, New York 11501-4404

the addresses designated by said entities for that purpose by depositing the same enclosed in a first-class postpaid properly addressed wrapper to said entities at the above addresses in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Lynn Cappiello

Sworn to before me this 2nd
day of July, 2008

_____
NOTARY PUBLIC

CATHERINE RITZER
Notary Public, State of New York
No. 30-4744976
Qualified in Nassau County
Commission Expires September 30, 2009

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | Index No. 07 cv 10593 (GBD) |

ST. PAUL FIRE & MARINE INSURANCE CO.
as subrogor of KANAN FASHIONS, INC.

       Plaintiff,

- against-

AMERICAN AIRLINES, INC.,

       Defendant.

------------------------------------------------------------X

**AMERICAN AIRLINES INC.'S RESPONSES TO
PLAINTIFFS STATEMENT OF CONTESTED FACTS**

MOUND COTTON WOLLAN & GREENGRASS
*Attorneys for*

*Office and Post Office Address, Telephone*
ONE BATTERY PARK PLAZA
NEW YORK, NY 10004
(212) 804-4200

To:

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated:_____ 20____